IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JAMES POPE**                                                                                                                                   **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO. 3:21CV73 HTW-LGI**

**NURSE UNKNOWN STRONG, DR.
MARTINER, DR. CHAMBERS, et al.**                                              **DEFENDANTS**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court concerning the lack of service of process. Plaintiff is proceeding *pro se* and was required to execute service of process within 90 days of filing his Complaint, under Rule 4(m) of the Federal Rules of Civil Procedure. The docket reflects that Plaintiff was provided a copy of the rule, along with the Summons forms, Notice of Lawsuit Waiver forms, Waiver forms, and a Memorandum from the Pro Se Office of the United States District Court of Mississippi outlining the procedures for executing same on November 9, 2021. Though it appears Defendants could all be found at his address of incarceration at the time of filing, no forms have been returned and this case has been stalled on the docket.

The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of those seeking relief, to achieve the orderly and expeditious disposition of cases. Accordingly, this Court has the authority to dismiss an action for failure to prosecute or to comply with any order of the court both under Fed. R. Civ. P. 41 (b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Such a

sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, 370 U.S. at 630.

It may be that Plaintiff has lost interest in pursuing this cause as he has not communicated with the Court since his response to a show cause order on December 10, 2021. That order followed a previous show cause order issued on March 13, 2021. Both show cause orders were issued to address Plaintiff's inaction and dilatoriness in failing to comply with the orders of the court. Whether *pro se* or incarcerated, Plaintiff has an obligation to comply with the directives of this Court, and his inaction prejudices the right of Defendants to promptly and fully defend against his allegations.

On August 9, 2023, this undersigned issued a third show cause order directing Plaintiff to show good cause, in writing, within 10 days, for his failure to execute service and prosecute this cause. Plaintiff was advised that should he fail to comply, it shall be the recommendation of the undersigned that this cause of action be dismissed, without prejudice or further notice, pursuant to Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b). The show cause order was returned as undeliverable on August 17, 2023, and the time for responding has now expired. Thus, aside from the lack of service, the instant petition is subject to dismissal for failure to comply with the Local Rules requirement to maintain a current address with the Court. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See* Local Rule 11(a); *Wade v. Farmers Ins. Grp.*, 45 F. App'x 323 (5th Cir. 2002) (on

appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute—even incarcerated litigants must inform the court of address changes).

For the reasons stated, the undersigned recommends that the instant petition be dismissed without prejudice and without further notice pursuant to Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b).

### NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on October 5, 2023.

s/ LaKeysha Greer Isaac<br>UNITED STATES MAGISTRATE JUDGE